UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS JONATHAN EPPERSON,<br><br>Plaintiff,<br><br>v.<br><br>CODIFICATION ORDER 497, et al.,<br><br>Defendants. | Case No.  1:24-cv-01355-JLT-BAM<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO AMEND<br><br>(Doc. 1) |

Plaintiff Chris Jonathan Epperson ("Plaintiff"), proceeding pro se and in forma pauperis, initiated this civil action on November 6, 2024.  (Doc. 1.)  Plaintiff's complaint is currently before the Court for screening.

**I.     Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis.  28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

1   conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell
2   Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as
3   true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*,
4   572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

5         To survive screening, Plaintiff's claims must be facially plausible, which requires
6   sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable
7   for the misconduct alleged.  *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret
8   Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully
9   is not sufficient, and mere consistency with liability falls short of satisfying the plausibility
10  standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

11  **II.     Summary of Plaintiff's Allegations**

12        Plaintiff drafted his complaint using the form provided by this Court.  The caption of the
13  complaint names the "Codification Order 497 U.S. Supreme" as defendant.  (Doc. 1.)  However,
14  the complaint form lists the following defendants:  (1) simon; (2) people; (3) george; and (4)
15  douglas.  (*Id.* at 2.)  He later names "Pavillion Verdome" as a defendant.  (*Id.* at 4.)  Plaintiff
16  identifies the basis for jurisdiction as both federal question and diversity of citizenship.  In the
17  section in which he is asked to indicate which of his federal constitutional or federal statutory
18  rights have been violated, he lists the following:  "497 U.S. 479-90, 18 L. Ed. 88 (1907)," "70
19  U.S. 478, 479-90, 18 L. Ed. 88 (1951)," and 478 U.S. 479-90, 18 L. Ed. 88 (1962)."  (*Id.* at 4.)
20  In the section in which he asked the basis for diversity of citizenship, Plaintiff identifies himself
21  and Defendant Pavillion Verdome, a citizen of Moscow, Russia.  (*Id.*)  Plaintiff specifies that the
22  amount in controversy is "One Hundred Bullion each fiscal year under the operations of the U.S.
23  Mint.  The Great Seal of United States of America."  (*Id.* at 5.)  The statement of claim section
24  states as follows:  "Judiciary Order of 1758 obligated [illegible] public contract of the Tarrif Act
25  of 1798." (*Id.* at 5.)

26  **III.    Discussion**

27        Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to
28  establish this Court's jurisdiction.  As Plaintiff is proceeding in pro se, the Court will allow

Plaintiff an opportunity to amend his complaint to the extent he can do so in good faith.

### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's complaint is not a plain statement of his claims. While short, Plaintiff's complaint does not include any factual allegations or clearly identify the defendants. At a basic level, he does not state what happened, when it happened, or who was involved. Plaintiff's complaint also does not clearly identify the claims, causes of action, or the relief that Plaintiff is seeking. Without any factual allegations or identification of the defendants, the Court cannot determine what Plaintiff is alleging. If Plaintiff files an amended complaint, it should be a short and plain statement of his claims and it must include factual allegations related to his claims that identify what happened, when it happened, and who was involved. Fed. R. Civ. P. 8.

### B. Federal Court Jurisdiction

Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by the Unites States Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)). Without jurisdiction, the district court must dismiss the case. *See Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Generally, there are two bases for subject matter jurisdiction: (1) diversity jurisdiction; and (2) federal question jurisdiction. 28 U.S.C. §§ 1331, 1332. As pled, the complaint fails to allege this Court's subject

matter jurisdiction.

### 1. Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000," and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a)(1).

Plaintiff's complaint does not establish diversity jurisdiction.  First, Plaintiff does not allege that the parties' citizenship is completely diverse.  Plaintiff's complaint provides little information regarding the citizenship of the defendants identified as "simon," "people," "george," or "douglas."  However, Plaintiff  provides the same Zip Code in California for himself and these defendants:  "93706."  (Doc. 1 at 2.)  Thus, as pled, Plaintiff's amended complaint does not establish diversity jurisdiction.

### 2. Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Plaintiff's complaint does not clearly allege any violation arising under the Constitution, laws, or treaties of the United States. Plaintiff does not cite any particular federal statute or constitutional provision that would be applicable to the allegations in his complaint.  The apparent case law citations in his complaint, without more, are not sufficient, nor is his reference to a judiciary order from 1758.  Thus, Plaintiff's complaint does not establish federal question jurisdiction.

4

**IV.     Conclusion and Order**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to establish this Court's jurisdiction. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure these deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a complaint form;

2.     Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and

3.     If Plaintiff fails to file an amended complaint in compliance with this order, then the Court will recommend dismissal of this action.

IT IS SO ORDERED.

Dated:   **November 8, 2024**          /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE

5