1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS JONATHAN EPPERSON,<br><br>Plaintiff,<br><br>v.<br><br>CODIFICATION ORDER 497, et al.,<br><br>Defendants. | Case No.  1:24-cv-01355-JLT-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION<br><br>(Doc. 4)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Chris Jonathan Epperson ("Plaintiff") proceeds pro se and in forma pauperis in this civil action.  (Doc. 1.)  For the reasons that follow, the Court will recommend that this action be dismissed for failure to obey a court order and for lack of jurisdiction.

**I.      Background**

Plaintiff initiated this action on November 6, 2024.  (Doc. 1.)  On November 8, 2024, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2), and determined that the complaint failed to comply with the pleading requirements of Federal Rule of Civil Procedure 8 and failed to establish this Court's subject matter jurisdiction.  The Court granted Plaintiff leave to amend within thirty (30) days of service of the Court's order.  (Doc. 4.)  Plaintiff was expressly warned that if he failed to file an amended complaint in compliance with the Court's order, then the Court would recommend dismissal of this action.  (*Id.* at 5.)

The deadline for Plaintiff to file an amended complaint has passed and Plaintiff has not

1

complied with the Court's order.  Instead, Plaintiff filed a single-page document on November 18, 2024.  (Doc. 5.)  This document cannot be construed as an amended complaint because it lacks basic information, including the name of any defendant or any factual allegations.  It states only the following:

> No.24-1355 Mississippi Cross-Judgment 4855.
>
> Sllybus Amicus Brief
>
> Chris Jonathan Epperson V. Abbreviate Appendix
> Footnotes Title 50 U.S.C. app. (a).
>
> Chapter 51 Section 1111
> They trading secrets espionage them her/she anticipated predicted dont even like you messing with their powers.
>
> 50 U.S.C. app.(a)
> Federal dont cross state 1yr imprisonment prison sentence either or fine.
>
> Section 4
> Federal dont cross state.

(Doc. 5.)  The Court therefore will recommend dismissal of this action.

## II.      Failure to Allege Jurisdiction

### A.  Screening Requirement and Standard

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis.  28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### B. Summary of Plaintiff's Allegations

Plaintiff drafted his complaint using the form provided by this Court. The caption of the complaint names the "Codification Order 497 U.S. Supreme" as defendant. (Doc. 1.) However, the complaint form lists the following defendants: (1) simon; (2) people; (3) george; and (4) douglas. (*Id.* at 2.) He later names "Pavillion Verdome" as a defendant. (*Id.* at 4.) Plaintiff identifies the basis for jurisdiction as both federal question and diversity of citizenship. In the section in which he is asked to indicate which of his federal constitutional or federal statutory rights have been violated, he lists the following: "497 U.S. 479-90, 18 L. Ed. 88 (1907)," "70 U.S. 478, 479-90, 18 L. Ed. 88 (1951)," and 478 U.S. 479-90, 18 L. Ed. 88 (1962)." (*Id.* at 4.) In the section in which he asked the basis for diversity of citizenship, Plaintiff identifies himself and Defendant Pavillion Verdome, a citizen of Moscow, Russia. (*Id.*) Plaintiff specifies that the amount in controversy is "One Hundred Bullion each fiscal year under the operations of the U.S. Mint. The Great Seal of United States of America." (*Id.* at 5.) The statement of claim section states as follows: "Judiciary Order of 1758 obligated [illegible] public contract of the Tarrif Act of 1798." (*Id.* at 5.)

### C. Discussion

Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by the United States Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)). Without jurisdiction, the district court must dismiss the case. *See Morongo Band of Mission Indians v.*

3

1  *California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988).  Generally, there are

2  two bases for subject matter jurisdiction: (1) diversity jurisdiction; and (2) federal question

3  jurisdiction. 28 U.S.C. §§ 1331, 1332.  As pled, the complaint fails to allege this Court's subject

4  matter jurisdiction.

### 1.  Diversity Jurisdiction

6       Pursuant to 28 U.S.C. § 1332, federal district courts have diversity jurisdiction over civil

7  actions "where the matter in controversy exceeds the sum or value of $75,000," and where the

8  matter is between "citizens of different States." 28 U.S.C. § 1332(a)(1).

9       Plaintiff's complaint does not establish diversity jurisdiction.  First, Plaintiff does not

10  allege that the parties' citizenship is completely diverse.  Plaintiff's complaint provides little

11  information regarding the citizenship of the defendants identified as "simon," "people,"

12  "george," or "douglas."  However, Plaintiff provides the same Zip Code in California for

13  himself and these defendants:  "93706."  (Doc. 1 at 2.)  Thus, as pled, Plaintiff's amended

14  complaint does not establish diversity jurisdiction.

15       Even if the Court were to construe Plaintiff's November 18, 2024 filing as an amended

16  complaint, he fails to establish diversity jurisdiction because he does not identify a defendant or

17  allege an amount in controversy.  (*See generally* Doc. 5.)

### 2.  Federal Question Jurisdiction

19       Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil

20  actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises

21  under' federal law either where federal law creates the cause of action or 'where the vindication

22  of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican*

23  *Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd.*

24  *v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence or absence of

25  federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v.*

26  *Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction

27  exists only when a federal question is presented on the face of the plaintiff's properly pleaded

28  complaint." *Id.*

4

Plaintiff's complaint does not clearly allege any violation arising under the Constitution, laws, or treaties of the United States. Plaintiff does not cite any particular federal statute or constitutional provision that would be applicable to the allegations in his complaint.  The apparent case law citations in his complaint, without more, are not sufficient, nor is his reference to a judiciary order from 1758.  Thus, Plaintiff's complaint does not establish federal question jurisdiction.

Even if the Court were to construe Plaintiff's November 18, 2024 filing as an amended complaint, he fails to establish federal question jurisdiction.  As previously indicated, Plaintiff does not identify a defendant in that filing, nor does he clearly allege any violation arising under the Constitution, laws, or treaties of the United States.  Plaintiff's citations, without more, are insufficient to establish federal question jurisdiction under the well-pleaded complaint rule.

### III.  Failure to Obey a Court Order

#### A.    Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal."  *Thompson v. Hous. Auth.,* 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See*, *e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.,* 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson v. Duncan,*

779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

## B.    Discussion

Here, Plaintiff's amended complaint is overdue.  The action cannot proceed without Plaintiff's cooperation and compliance with the Court's order. Moreover, the Court cannot hold this case in abeyance awaiting compliance by Plaintiff.  The Court additionally cannot effectively manage its docket if Plaintiff ceases litigating his case.  Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal, as a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's November 8, 2024 screening order expressly warned Plaintiff that his failure to comply would result in a recommendation for dismissal of this action.  (Doc. 4 at 5.)  Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Plaintiff's in forma pauperis status in this action indicates that monetary sanctions are of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

## III.    Conclusion and Recommendation

For the reasons stated, it is HEREBY RECOMMENDED that this action be dismissed

based on Plaintiff's failure to obey the Court's order and for lack of jurisdiction.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 17, 2024**          /s/ Barbara A. McAuliffe
                                       UNITED STATES MAGISTRATE JUDGE