UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS EPPERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CODIFICATION ORDER 497, *et al.*,<br><br>　　　　Defendants. | Case No.: 1:24-cv-1355 JLT BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING THE ACTION WITHOUT PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Doc. 11) |

　　　　Chris Epperson seeks to proceed *pro se* in this civil rights action, asserting the court has federal question jurisdiction and diversity jurisdiction over a claim for violation of the "Judiciary Order of 1758 obligated … public contract of the Tarrif (sic) Act of 1798." (Doc. 1 at 3-5.) The magistrate judge screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) and found Plaintiff failed comply with the pleading requirements of the Federal Rules of Civil Procedure or allege facts sufficient to support a conclusion the Court has jurisdiction over the action. (Doc. 4 3-4.) The Court provided the relevant pleading standards and granted Plaintiff an opportunity to file an amended complaint. (*See id.* at 2-5.) The Court also informed Plaintiff that failure to file an amended complaint would result in a recommendation that the action be dismissed. (*Id.* at 5.) Plaintiff failed to file an amended complaint.[1]

---

[1] Although Plaintiff filed a single-page document on November 18, 2024, (Doc. 5), the magistrate judge determined that it could not be construed as an amended complaint because it lacked "basic information, including the name of any defendant or any factual allegations." (Doc. 6 at 2.)

1

The magistrate judge issued Findings and Recommendations, reiterating the findings in the Screening Order that Plaintiff failed to state a cognizable claim. (Doc. 6 at 3-5.) The magistrate judge also found Plaintiff failed to comply with the Court's order. (*Id*. at 1-2, 6.) After considering the factors identified by the Ninth Circuit in *Henderson v. Duncan*, 779 F.2d 1421 (9th Cir. 1986), the magistrate judge determined terminating sanctions are appropriate. (*Id*. at 6.) Therefore, the magistrate judge recommended the Court dismiss the action "based on Plaintiff's failure to obey the Court's order and for lack of jurisdiction." (*Id.* at 6-7.)

The Court served these Findings and Recommendations on Plaintiff and notified him at that any objections were due within 14 days. (Doc. 6 at 7.) The Court advised Plaintiff that the "failure to file objections within the specified time may result in the waiver of the 'right to challenge the magistrate's factual findings' on appeal." (*Id.*, quoting *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Plaintiff did not file objections, and the time to do so expired.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the finding that the district court lacks jurisdiction over the claims is supported by the record and proper analysis. The Court also agrees that Plaintiff failed to comply with the Court's order. Based upon the initial finding that the Court lacks jurisdiction, the Court finds dismissal without prejudice proper. *See Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004) ("because the district court lacked subject matter jurisdiction, the claims should have been dismissed without prejudice"). Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on December 17, 2024 (Doc. 6) are **ADOPTED** in full.
2. This action is **DISMISSED** without prejudice.
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **January 7, 2025**

UNITED STATES DISTRICT JUDGE

2